**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6797**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODERICK LAMAR WILLIAMS, a/k/a Rox,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Frank D. Whitney, Chief District Judge. (5:03-cr-00004-FDW-DSC-8; 5:08-cv-00041-FDW)

Submitted: January 17, 2019                    Decided: February 20, 2019

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

Jeffrey Michael Brandt, ROBINSON & BRANDT, PSC, Covington, Kentucky, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick Lamar Williams appeals the district court's order construing his Fed. R. Civ. P. 60(b)(3), (6) motions as unauthorized, successive 28 U.S.C. § 2255 (2012) motions and dismissing for lack of jurisdiction. He also appeals the court's order denying his Fed. R. Civ. P. 59(e) motion to reconsider the dismissal of his Rule 60(b)(3) motion. We affirm in part and vacate and remand in part.

We review de novo a district court's order construing a Rule 60(b) motion as an unauthorized, successive § 2255 motion, and a certificate of appealability is not required. *United States v. McRae*, 793 F.3d 392, 397, 400 (4th Cir. 2015). Although a prisoner is permitted to seek Rule 60(b) relief from the district court's judgment on a § 2255 motion, "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive" § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *Id.* at 207. "Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications," and "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Id.* By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *McRae*, 793 F.3d at 397 (internal quotation marks omitted).

Initially, Williams has not challenged the portion of the court's order construing his Rule 60(b)(6) motion as an unauthorized, successive § 2255 motion and dismissing for lack of jurisdiction. Accordingly, he has forfeited appellate review, and we affirm that portion of the court's order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

In his Rule 60(b)(3) motion, Williams asserted that the Government made several material misrepresentations during the original § 2255 proceedings that prevented him from fully and fairly presenting certain ineffective assistance of counsel claims. Specifically, the Government stated in its responses opposing Williams' § 2255 motion and motions to supplement that there was no evidence suggesting the DNA analysis, which tied Williams to a crime scene, was unreliable, deficient, or inaccurate. Williams claimed that he had recently discovered documents proving that the DNA analyst was not credible and that the Government knew about these documents before Williams filed his § 2255 motion. He argued that the Government's material misrepresentations caused the district court to deny his § 2255 motion and asked the court to set aside its order, reopen the case, and conduct an evidentiary hearing.

The district court found that Williams was not seeking to remedy a defect in the § 2255 proceedings but was attempting to relitigate old arguments and assert new arguments for postconviction relief. Accordingly, the court construed the Rule 60(b)(3) motion as an unauthorized, successive § 2255 motion and dismissed for lack of jurisdiction.

3

We conclude that Williams' claim was properly raised under Rule 60(b)(3) and did not amount to a second-or-successive claim for postconviction relief. Although he relied on newly discovered evidence, he did not directly challenge his conviction or sentence. Instead, he alleged "fraud . . . , misrepresentation, or misconduct by [the] opposing party." Fed. R. Civ. P. 60(b)(3); *see In re Pickard*, 681 F.3d 1201 (10th Cir. 2012) (concluding that "the claim of prosecutorial misconduct in the § 2255 proceedings is a proper Rule 60(b) claim that should be addressed in the first instance by the district court"). He did not seek to raise a new claim but contended that the Government's purported misrepresentations during the § 2255 proceedings prevented him from fully and fairly presenting certain ineffective assistance of counsel claims.

We note that the district court observed that Williams' Rule 60(b)(3) motion was untimely because he did not file it within a year of the order denying § 2255 relief. We decline to affirm the court's jurisdictional ruling on timeliness grounds because "the Rule 60(b) one-year filing deadline is an affirmative defense," not a jurisdictional bar, and Williams must be given the "opportunity to make a case for timely filing." *McRae*, 793 F.3d at 401.

Accordingly, we vacate the portion of the court's order construing Williams' Rule 60(b)(3) as an unauthorized, successive § 2255 motion and dismissing for lack of jurisdiction, and we remand for further proceedings.[*] We dispense with oral argument

---

[*] Because "the merits of [Williams'] claims are best addressed by the district court in the first instance," *McRae*, 793 F.3d at 401, we express no opinion on the proper disposition of the Rule 60(b)(3) motion. Moreover, because we vacate and remand the (Continued)

4

because the facts and legal contentions are adequately presented in the materials before

this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*

---

portion of the court's order dismissing Williams' Rule 60(b)(3) motion, we decline to consider his appeal of the order denying his Rule 59(e) motion to reconsider that decision.